*Commonwealth*
vs.
*Christian Arndt and* } RIOT. ASSAULT AND BATTERY.
*several others.*

All denominations of worshipers of Almighty God, whose doctrine and mode of worship are not subversive of morality, are to be protected in this country.

In this case it appears that a number of those religious people called "*Albrights,*" (who agree in doctrine with, but differ in discipline from, the Methodist Episcopal Church,) had assembled at the house of a Mr. Bender, a member of that society, for the purpose of religious worship. The defendants also assembled there, and committed several acts of improper conduct in and about the house, such as disputing with, and contradicting the preachers, using opprobrious language, and finally beating them. This being a case involving the question, not whether the "Albrights" are perfectly right in their doctrine and discipline, but whether any people, any sect and denomination of Christians, have a right under our law and constitution to "assemble and meet together," and worship God without molestation; it excited not a little interest. The testimony having been closed on the part of the commonwealth, as well as for the defendants, Judge *Hamilton* delivered a very able charge to the jury; in substance as follows:

"That if there be any one blessing which, more than another, distinguishes this country from all others, it is

that of religious liberty; that in other countries there is <span style="float:right">ADAMS, Pa.<br>1802.</span> an established religion, a religion of *state*, and all others, differing from it, are either considered as heresy, and are <span style="float:right">The Com'th<br>v.<br>Arndt<br>and others.</span> merely tolerated, without any rights, without the hope of protection from outrage and molestation. In a word, that other countries protect one sect, and tolerate or suppress the rest, according as it may suit their prejudices, while this country gives equal protection to all; that nevertheless, such is the proneness of our nature to oppress those who differ from us in point of religious doctrine and discipline, that sects, which have themselves been persecuted, become the most violent of persecutors in their turn, when the arm of civil authority is on their side. Civil and ecclesiastical history are full of examples. Even the celebrated Knox, the father of the Presbyterian Church, was so eager to suppress all sects not worshipping as he did, that he is said to have exclaimed, that he would not advise to wait the form of legal process, but that they should be cut off unheard and untried. That this court is not only bound to execute our laws in favour of religious liberty, but would be bound to declare unconstitutional any act made to abridge it. That the world is strangely apt to persecute any sect professing to be more rigid, and endeavoring to live a more pure life, than those about them; that we are not to condemn, much less molest them; we do not know but they are, as we profess to be, the sincere followers of Jesus Christ. In a word, all denominations of worshippers of Almighty God, whose doctrine and mode of worship are not subversive of morality, are to be protected in this country. That it is true, in a neighbouring state, the sect of Christians called Shaking Quakers, had ex-

ADAMS, Pa.
1802.

The Com'th
v.
Arndt
and others.

cited the public attention of late, and it did appear that their tenets were such as tended to break down all the distinction of sex and condition, and struck at the very root of society, and were apparently subversive of civil government. But, whatever may be the effects of their tenets, we are not now called upon to give them a judicial investigation; it is clear, however, that the "Evangelical Society," or "Albrights," are not such. Their doctrine is that of the greatest portion of the Christian world. They appear to correspond with the form of Gospel Truth, &c. &c., and are, therefore, entitled to protection."*

The jury, after a few hours deliberation, returned a verdict against three of the defendants, of guilty of assault and battery, and against four of assault only, and two they acquitted. The court sentenced Christian Arndt to pay a fine of $30, undergo an imprisonment of three weeks, and pay the costs of prosecution. The others were sentenced to fine and imprisonment, or fine only, together with costs, according to the greater or less degree of crime they appeared to have committed.

*NOTE.—In this country, where the utmost latitude is allowed in religious opinions and modes of worship by the constitution of the United States, and of the states respectively, it might reasonably be expected that every one would see and feel the necessity of that forbearance which provisions of such a salutary nature are calculated to produce. The expectation, however, has not perhaps been realized.—"Somebody must be persecuted when all are persecutors."

In this country we not only enjoy a greater share of religious liberty than in any other, but we are absolutely free;

nor can it be otherwise whilst the constitution of the U-nited States retains its present form, nor even after that instrument is impaired or destroyed ; for so careful have we been upon this subject, that religious liberty has been carried into, and is made a fundamental principle of the constitutions of the respective states.

ADAMS, Pa. 1802.

The Com'th v. Arndt and others.

" This first good and last hope of mankind " has been protected with great care by the common law, independent of any statute. Blasphemy against God or the Christian religion is indictable at common law. 1 East's P. C. 3. 2 Stra. 789. 2 Woodes, 512. And as to libels and verbal slanders upon the Trinity and the Christian religion, see 1 Stra. 416. and 2 Stra. 789. And see also the form of the indictment for those offences. 2 Chitty's C. L. 12. 3 Mod. Rep. 68. Cro. Jac. 421.

Disturbing divine service, by interrupting the minister or molesting the hearers, is an offence at *common law,* and may be punished by fine and imprisonment. See the form of indictment for interrupting the curate whilst reading divine service, 2 Chitty, 13. See, also, 1 Crim. L. Cases, 135.

John Degez was indicted at common law for disturbing the Rev. Mr. Vanvelser, the pastor of the Ebenezer Baptist Church, in the execution of his office as pastor. It appeared the defendant stood up and contradicted him in the doctrines laid down, and thereby disturbed the order of the service. It was held by his honour the Recorder that it was an offence at common law, and he was found guilty. Ante, p. 135.

All blasphemies against God, as denying his being or providence, all profane scoffing at the holy scripture, or exposing any part to contempt or ridicule ; all impostures in religion, or falsely pretending to extraordinary commissions from God, and terrifying and abusing the people with false denunciations of judgments, &c.; *all*

*open lewdness,* and other scandalous offences of this nature, because they tend to subvert all religion and morality, which are the foundation of government, are punishable by the temporal judges with fine and imprisonment ; and also such corporal infamous punishment as the court, in its discretion, shall seem meet, according to the heinousness of the crime. 1 Hawk. P. C. 5.

Blackstone enumerates the following crimes against God and religion : Apostasy, heresy, reviling the ordinances of the church, non-conformity, popery, blasphemy, swearing, witchcraft, religious impositions, simony, drunkenness, and lewdness. 4 Bl. Com. 41. Apostasy, heresy, non-conformity, popery, and simony, are not applicable to, and therefore not crimes in, the United States.

---

## GENERAL SESSIONS.

### NEW YORK, JANUARY, 1824.